1 | Berj K. Parseghian (Cal. Bar No. 200932)
2 | LIPPES MATHIAS LLP
  | 420 Lexington Avenue, Suite 2005
3 | New York, New York 10170
  | Telephone: (332) 345-4500 x1695
4 | Email: bparseghian@lippes.com

5 | *Attorneys for Defendant*
  | *Monterey Financial Services, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ARTIS-RAY CASH JR., | Case No.: 8:25-cv-00165-JWH (ADSx) |
| Plaintiff, | Hon. John W. Holcomb |
| vs. | **DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| EXPERIAN INFORMATION SOLUTIONS, INC., MONTEREY FINANCIAL SERVICES, LLC, | |
| Defendants. | |
| | Hearing Date: May 9, 2025 |
| | Time: 9:00 a.m. |
| | Courtroom: 9D |

LIPPES MATHIAS LLP

LIPPES MATHIAS LLP

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 9, 2025 at 9:00 a.m., or as soon thereafter as may be heard in Courtroom 9D in the United States District Court, located at Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, before the Honorable John W. Holcomb, defendant Monterey Financial Services, LLC, by and through its undersigned attorneys, will and hereby does move this Court, pursuant to 28 U.S.C. § 1915(e)(2)(A), for an Order dismissing plaintiff Artis-Ray Cash Jr.'s Complaint with prejudice or, in the alternative, revoking Plaintiff's *in forma pauperis* status.

This Motion is made on the grounds that Plaintiff's allegation of poverty in his Request to Proceed *In Forma Pauperis* was untrue.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Berj K. Parseghian and all exhibits thereto, all of the pleadings, records and files herein, those matters of which the Court may take judicial notice, and upon such other oral and documentary evidence as may be presented in connection with this motion.

**Local Rule 7-3 Certification**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 24, 2025.

DATED:      April 7, 2025          **LIPPES MATHIAS LLP**


*s/ Berj K. Parseghian*
Berj K. Parseghian

*Attorneys for Defendant*
*Monterey Financial Services, LLC*

- 2 -
**DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 29, 2025, Plaintiff Artis-Ray Cash, Jr. commenced this action and filed his Complaint alleging violations of the Fair Credit Reporting Act (15 U.S.C. § 1681) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692). (ECF No. 1.) Simultaneously with his filing of the Complaint, Plaintiff filed a Request to Proceed *In Forma Pauperis*. (ECF No. 2.)  Plaintiff – a serial litigant who has filed 21 actions in this Court apart from this action, including more than a dozen in the past six months – failed to disclose at least four recent settlements on his Request to Proceed *In Forma Pauperis*.  Plaintiff's concealment of these settlements constitutes bad faith and an abuse of the *in forma pauperis* privilege.  Pursuant to 28 U.S.C. § 1915(e)(2)(A), the appropriate remedy is dismissal of Plaintiff's Complaint with prejudice.

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF CONCEALED MULTIPLE SETTLEMENTS FROM THE COURT

### I.    Legal Standard

"To proceed in forma pauperis is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  The *in forma pauperis* ("IFP") statute requires dismissal of a case if "at any time if the court determines that . . . the allegation of poverty is untrue . . . ."  28 U.S.C. § 1915(e)(2)(A).  *See also Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019).

"To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required . . . ."  *Roberts*, 2019 WL 3532183, at *3 (*quoting Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015)).  Bad faith "'includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees . . . .'" *Roberts*, 2019 WL 3532183, at *3-4 (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds) (*quoting Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)).

LIPPES MATHIAS LLP

"[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3-4 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, 2020 WL 4350094 (E.D. Cal. July 29, 2020). *See also Vann*, 496 F. App'x at 115 ("dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status"). When determining if a plaintiff acted in bad faith, "a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Vann*, 496 F. App'x at 115. *See also Roberts*, 2019 WL 3532183, at *4.

## II. Plaintiff Concealed Multiple Settlements on His IFP Application

Plaintiff is a serial filer, having filed 21 actions in this Court apart from this action – including more than a dozen cases in just the last six months. (*See* Parseghian Dec. ¶ 2.)[1] In all but two of these cases, Plaintiff filed an IFP application claiming poverty.[2] A review of PACER indicates that at least four of these actions resulted in settlements. (*See id.* at ¶¶ 4, 5, 11, 15, Exs. A, B, E, F.) Plaintiff reached

[1] The Court can take judicial notice of these public filings pursuant to Federal Rule of Evidence 201, which provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001) (taking judicial notice of documents of undisputed matters of public record); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2022) (taking judicial notice of documents on file in federal or state courts).

[2] Plaintiff's first two cases were filed with the assistance of counsel, with the cases having been filed *in propria persona*.

1    one of his most recent settlements on or before January 27, 2025 (just two days

2    before he filed his IFP application in this case) in the matter of *Cash v. Maximus,*

3    *Inc.*, Case No. 24-cv-09094, and Plaintiff reached another settlement on or before

4    February 4, 2025 (less than a week after he filed his IFP application in this case) in

5    the matter of *Cash v. Vervent, Inc.*, Case No. 24-cv-10359.  (*See id.* at ¶¶ 11, 15,

6    Exs. E, F.)  On or before July 22, 2024, Plaintiff reached a settlement in the matter

7    of *Cash v. Midland Credit Management, Inc.*, Case No. 23-cv-10126, a case in which

8    he demanded $2,000,000 in damages.  (*See id.* at ¶ 5, Ex. B.)

9        Despite numerous filed cases and several recent settlements, Plaintiff failed

10    to disclose any settlement proceeds in his IFP application.  (ECF No. 2.)  Question

11    2 of the IFP application asks "Have you received, within the past twelve months,

12    any money from any of the following sources?" and lists sources of money,

13    including a catchall provision for "[a]ny other income (other than listed

14    above)."  (*Id.*)  Plaintiff checked "no" for all sources.  (*Id.*)  And Plaintiff declared

15    under penalty of perjury that the responses he made were true, correct and complete.

16    (*Id.*)

17        Plaintiff's IFP application, thus, required Plaintiff to disclose the settlement

18    proceeds he received in the twelve months leading up to his filing of the IFP

19    application.  However, he failed to do so.  Instead, Plaintiff concealed crucial

20    information that was necessary for the Court to make an accurate assessment of his

21    eligibility for relief under the IFP statute.

22    **III.    Plaintiff's Concealment Was in Bad Faith**

23        This is not the first time Plaintiff has done this.  *Cf.* Order on Request to

24    Proceed *In Forma Pauperis*, *Cash v. Caesars Entertainment, Inc.*, Case No. 2:23-

25    cv-10570-JFW-PVC (C.D. Cal. Feb. 5, 2024) (postponing ruling on Plaintiff's

26    request because of inconsistencies in the information he submitted).  (Parseghian

27    Dec. ¶ 6, Ex. C.)  Plaintiff is an experienced litigant who has filed twenty-one other

28    actions in the Central District of California. (*See id.* at ¶ 3.) Plaintiff filed 19 cases

LIPPES MATHIAS LLP

between August 2023 and February 2025.  (*Id.*) Plaintiff filed five separate actions on December 2, 2024. (*Id.*) Out of the twenty cases in which Plaintiff requested IFP status (including this case), fifteen were granted, four were denied, and one has not yet been decided, pending additional information requested by the court. (*See id.* at ¶¶ 4-22.)  In at least one case (*Cash v. Caesars Entertainment, Inc.*), this Court denied Plaintiff's IFP application, finding that Plaintiff has the ability to pay.  *See* Order on Request to Proceed *In Forma Pauperis*, *Cash v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal. Mar. 12, 2024). (Parseghian Dec. ¶ 6, Ex. D.)

Plaintiff's extensive history of prosecuting claims, with cases filed in quick and methodical succession, demonstrates a sophisticated and calculated litigant. Plaintiff displays a pattern of familiarity with this Court's methods and procedures. His failure to disclose settlements on his Request to Proceed *In Forma Pauperis* constitutes bad faith.  *See Roberts*, 2019 WL 3532183, at *3 (rejecting the plaintiff's claim that omission of a settlement was an oversight based on the plaintiff's extensive litigation history and familiarity with the IFP process).   Therefore, Plaintiff's Complaint should be dismissed with prejudice.[3]

## **CONCLUSION**

For the foregoing reasons, Defendant Monterey Financial Services, LLC respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

DATED:  April 7, 2025

**LIPPES MATHIAS LLP**

*s/ Berj K. Parseghian*
Berj K. Parseghian
*Attorneys for Defendant Monterey Financial Services, LLC*

---

[3] If the Court is not inclined to dismiss Plaintiff's Complaint, it should, at a minimum, revoke Plaintiff's *in forma pauperis* status.

**DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LIPPES MATHIAS LLP

**CERTIFICATE OF SERVICE**

I, Berj K. Parseghian, declare as follows:

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action.  My business address is 420 Lexington Avenue, Suite 2005, New York, New York 10170.

On April 7, 2025, I served the within DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

> Artis-Ray: Cash, Jr.
> 453 South Spring Street
> Suite 400 PMB 1211
> Los Angeles, CA 90013

and depositing the envelope in the United States mail at New York, New York with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 7, 2025 at New York, New York.

_/s/  Berj K. Parseghian_
Berj K. Parseghian

**DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LIPPES MATHIAS LLP