Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
04/08/2025
CENTRAL DISTRICT OF CALIFORNIA
BY    mba    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., | CASE NO.: 8:25-cv-00165-JWH-ADS |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS** |
| EXPERIAN INFORMATION SOLUTIONS, INC., MONTEREY FINANCIAL SERVICES, LLC, | |
| Defendants. | |

**TABLE OF CONTENTS**

I. INTRODUCTION ………………………………………………………… 2

II. STANDARD OF REVIEW ……………………………………………….. 3

III. ARGUMENT ……………………………………………………………… 3

    A. Plaintiff Has Stated a Viable Claim Under the FCRA ………………… 3

    B. The Motion to Dismiss on IFP Grounds Is Misplaced ……………… 4

        1. IFP Application Context ……………………………………….. 4

        2. Confidential Nature of Prior Settlements ……………………… 4

        3. Bad Faith Allegations Do Not Affect the Merits ……………….. 4

    C. Leave to Amend …………………………………………………… 5

IV. CONCLUSION ………………………………………………………… 5

CERTIFICATE OF SERVICE ………………………………………………….. 6

**TABLE OF AUTHORITIES**

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

- *Erickson v. Pardus*, 551 U.S. 89 (2007)

- 15 U.S.C. § 1681s-2(b) (Fair Credit Reporting Act)

- 28 U.S.C. § 1915(e)(2)(A)

**I. INTRODUCTION**

Plaintiff Artis-Ray Cash Jr. opposes Defendant Monterey Financial Services, LLC's Motion to Dismiss filed on April 7, 2025, which seeks dismissal of the Complaint on the grounds that Plaintiff allegedly misrepresented his financial status in his in forma pauperis (IFP) application. Defendant argues that such misrepresentations warrant dismissal under 28 U.S.C. § 1915(e)(2)(A). However, Plaintiff's Complaint is primarily based on Defendants' subsequent inaccurate credit reporting practices, including their failure to conduct a reasonable reinvestigation under the Fair Credit Reporting Act (FCRA) after a dispute was raised. Any issues raised regarding the IFP application are separate from, and do not negate, the merit of Plaintiff's claims regarding the public record of inaccurate reporting. Accordingly, Defendant's motion should be denied in its entirety, or in the alternative, Plaintiff should be granted leave to amend.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). All well-pleaded factual allegations are to be accepted as true, and any reasonable inferences drawn in Plaintiff's favor. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As a pro se litigant, Plaintiff's filings should be afforded the leniency described in *Erickson v. Pardus*, 551 U.S. 89 (2007).

## III. ARGUMENT

**A. Plaintiff Has Stated a Viable Claim Under the FCRA**

1. **Factual Allegations:**

   Plaintiff alleges that Defendants provided inaccurate information to Experian regarding the Monterey Financial Services account. At the time of the prior settlement, the account was reported as "30 days late." However, following Plaintiff's dispute, Experian subsequently reported the account as "charged off." This change in reporting, despite Plaintiff's timely dispute, constitutes a failure to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681s-2(b). Plaintiff has adequately identified the subject account (partial account number ending in #50376) and detailed the nature of the inaccuracy.

2. **Legal Sufficiency:**

   Under the FCRA, a furnisher is required to ensure that the information provided to consumer reporting agencies is accurate and complete. Courts have recognized claims arising from a failure to conduct a proper reinvestigation following a dispute. The facts

alleged in Plaintiff's Complaint satisfy the plausibility standard established in *Twombly* and *Iqbal*, thereby making dismissal inappropriate.

**B. The Motion to Dismiss on IFP Grounds Is Misplaced**

1. **IFP Application Context:**

    Defendant Monterey contends that Plaintiff misrepresented his financial status in his IFP application by failing to disclose certain settlement proceeds. However, Plaintiff's claims arise solely from Defendants' actions regarding inaccurate credit reporting—specifically, the change in the status of the disputed account—rather than from any financial disclosures associated with the IFP application.

2. **Confidential Nature of Prior Settlements:**

    Any reference to prior settlements must be understood within the context of confidential negotiations. The terms of those settlements were private and, where applicable, subject to nondisclosure provisions. Accordingly, any undisclosed amounts were not intentionally concealed for the purpose of misrepresenting Plaintiff's financial status. The confidentiality of such settlements is not material to the accuracy of the public record on which Plaintiff's FCRA claim is based.

3. **Bad Faith Allegations Do Not Affect the Merits of the Claim:**

    Even if the Court were to find an issue with the IFP application, that inquiry is separate from whether Plaintiff's Complaint states a viable claim under the FCRA. The inaccuracies in the credit reporting that form the basis of Plaintiff's claim remain actionable regardless of any alleged discrepancies in the IFP financial disclosures.

PLAINTIFF'S OPPOSITION TO DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS

Dismissing the Complaint with prejudice solely on this ground would improperly preclude a valid claim.

**C. Leave to Amend**

Should the Court determine that additional factual detail is necessary to support Plaintiff's allegations, Plaintiff respectfully requests leave to amend his Complaint rather than dismiss it outright. Dismissal at this stage would be premature and would curtail Plaintiff's opportunity to fully develop his claims.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff Artis-Ray Cash Jr. respectfully requests that Defendant Monterey Financial Services, LLC's Motion to Dismiss be DENIED in its entirety. In the alternative, if the Court finds deficiencies in the pleadings pertaining to the IFP application, Plaintiff requests leave to amend the Complaint to cure such deficiencies.

**Respectfully submitted,**

DATED: April 8, 2025

/ s / Artis Ray Cash Jr

Artis-Ray: Cash Jr.

Plaintiff, Pro Se

PLAINTIFF'S OPPOSITION TO DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, I served a copy of the foregoing Plaintiff's Opposition to Defendant Monterey Financial Services, LLC's Motion to Dismiss via email, as follows:

**By Email:**

- Berj K. Parseghian

    LIPPES MATHIAS LLP

    Email: bparseghian@lippes.com

and to any other counsel of record as required.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 8, 2025

/ s / Artis Ray Cash Jr

Artis-Ray: Cash Jr.