Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, New York 10170
Telephone: (332) 345-4500 x1695
Email: bparseghian@lippes.com

*Attorneys for Defendant*
*Monterey Financial Services, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ARTIS-RAY CASH JR., <br><br> Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., MONTEREY FINANCIAL SERVICES, LLC, <br><br> Defendants. | Case No.: 8:25-cv-00165-JWH (ADSx) <br><br> Hon. John W. Holcomb <br><br> **REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff Artis-Ray Cash, Jr. ("Plaintiff") admits that his Request to Proceed *In Forma Pauperis* (ECF No. 2) contains material omissions and that he purposefully withheld information regarding settlements reached in four of the numerous cases he has filed in this District within the last year. Plaintiff's concealment constitutes bad faith and an abuse of the *in forma pauperis* privilege. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(A), Plaintiff's Complaint against Defendant Monterey Financial Services, LLC ("Monterey") must be dismissed.

1

**REPLY IN FURTHER SUPPORT OF DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS**

## ARGUMENT

### I. Plaintiff Admits Intentionally Concealing Multiple Settlements from the Court in his IFP Application.

It is well-settled that a Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) when a plaintiff "'deliberate[ly] conceal[s] … income in order to gain access to a court without prepayment of filing fees . . . .'" *Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3-4 (S.D. Cal. Aug. 2, 2019) (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds) (*quoting Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)). In his Opposition, Plaintiff ignores the case-law cited by Monterey and inappropriately attempts to respond to Monterey's Motion through the lens of Rule 12(b)(6).

Monterey did not move to dismiss for failure to state a claim and, thus, Plaintiff's arguments regarding the pleading of the Complaint are irrelevant to the present Motion. Monterey's Motion is limited to the issues of whether Plaintiff's claim of poverty in his IFP application is untrue and whether Plaintiff's omission of multiple settlements in this District constitutes bad faith. The answer to both questions is yes.

In his Opposition, Plaintiff does not contest the fact that he is a serial litigant or that he withheld information related to prior settlements. Instead, Plaintiff claims:

> Any reference to prior settlements must be understood within the context of confidential negotiations. The terms of those settlements were private and, where applicable, subject to nondisclosure provisions. Accordingly, any undisclosed amounts were not intentionally concealed for the purpose of misrepresenting Plaintiff's financial status. The confidentiality of such settlements is not material to the accuracy of the public record on which Plaintiff's FCRA claim is based.

(ECF No. 24, at p. 4.) While the settlements may not be material to the underlying FCRA claim, they are material to Plaintiff's IFP Application.

As set forth in Monterey's Motion, Question 2 of the IFP application asks "Have you received, within the past twelve months, any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." (ECF No. 2.) Plaintiff checked "no" for all sources. (*Id.*) Plaintiff then declared under penalty of perjury that the responses he made were true, correct and complete. (*Id.*) Plaintiff now admits that this statement is false and that he did not disclose all sources of income.

Plaintiff's claim that his prior settlements may contain nondisclosure provisions or are generally private does not permit concealment on his IFP application. Simply put, Plaintiff is abusing the Court system and the IFP process. The fact that Plaintiff has filed 21 actions with this Court apart from this present claim demonstrates that Plaintiff is well-aware of how this system operates. Plaintiff has misrepresented his financial status and, thus, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A).

## CONCLUSION

For the foregoing reasons, Defendant Monterey Financial Services, LLC respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

DATED: April 21, 2025

**LIPPES MATHIAS LLP**

*s/ Berj K. Parseghian*
Berj K. Parseghian
*Attorneys for Defendant Monterey Financial Services, LLC*

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, declare as follows:

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is 420 Lexington Avenue, Suite 2005, New York, New York 10170.

On April 21, 2025, I served the within REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MOTION TO DISMISS by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

> Artis-Ray: Cash, Jr.
> 453 South Spring Street
> Suite 400 PMB 1211
> Los Angeles, CA 90013

and depositing the envelope in the United States mail at New York, New York with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2025 at New York, New York.

                     */s/ Berj K. Parseghian*
                           Berj K. Parseghian

LIPPES MATHIAS LLP