Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, New York 10170
Telephone: (332) 345-4500 x1695
Email: bparseghian@lippes.com

*Attorneys for Defendant*
*Monterey Financial Services, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ARTIS-RAY CASH JR., | Case No.: 8:25-cv-00165-JWH (ADSx) |
| Plaintiff, | Hon. John W. Holcomb |
| vs. | **MONTEREY FINANCIAL SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B)** |
| EXPERIAN INFORMATION SOLUTIONS, INC., MONTEREY FINANCIAL SERVICES, LLC, | |
| Defendants. | Hearing Date: June 6, 2025<br>Time: 9:00 a.m.<br>Courtroom: 9D |

## **INTRODUCTION**

Plaintiff Artis-Ray Cash, Jr.'s ("Plaintiff") Motion seeks relief from the Court's May 6, 2025 Order (ECF No. 29) and corresponding Judgment (ECF No. 30), which dismissed Plaintiff's Complaint with prejudice after finding his allegation of poverty in his application to proceed *In Forma Pauperis* ("IFP") was untrue. As set forth below, Plaintiff's Motion fails to offer a legitimate basis to vacate the Judgment, fails to comply with Local Rule 7-18 and, in fact, provides further evidence that Plaintiff's IFP Application (ECF No. 2) contained material omissions constituting bad faith.

1  Accordingly, this Court's Judgment should not be disturbed, and Plaintiff's Motion
2  should be denied.

## ARGUMENT

### I. Legal Standard

Plaintiff's Motion seeks relief from the Judgment pursuant to Rule 60(b)(1) and (6), which permits the Court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b)(1), permitting relief from a final judgment or order entered as a result of mistake or excusable neglect, "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993)).

Rule 60(b)(6), is limited to instances not covered by "another ground delineated in the Rule" and requires a showing of "extraordinary circumstances." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020). "Relief under Rule 60(b)(6) is not available unless 'the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests.'" *Mejia v. United States*, 2019 WL 8633662, at *2 (C.D. Cal. Oct. 23, 2019) (*quoting* U.*S. v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Reconsideration of a final judgment or order pursuant to any subpart of Rule 60(b), "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *CMA CGM, S.A. v. BNSF Ry. Co.*, 2025 WL 504479, at *2 (C.D. Cal. Jan. 13, 2025) (*quoting Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Finally, pursuant this Court's Local Rules, a motion for reconsideration may only be made on the following grounds:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. Local Rule 7-18 further provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

## II. Plaintiff's Motion Should Be Denied

Plaintiff's Motion fails to present any excusable neglect or extraordinary circumstances that would justify relief from the Court's Judgment. Instead, Plaintiff, in violation of L.R. 7-18, offers the same arguments this Court already rejected and additional facts that were known to Plaintiff but, in any event, support dismissal of Plaintiff's Complaint.

### *a. Rule 60(b)(6) is Inapplicable to the Present Motion.*

Rule 60(b)(6) is not a substitute for Rule 60(b)(1). Where Plaintiff is even partly to blame for the circumstances leading to the motion for relief from Judgment, Plaintiff must demonstrate excusable neglect. *Pioneer*, 507 U.S. at 393. Here, Plaintiff argues that relief from the Judgment is required because of his own misunderstanding of the IFP application process (ECF No. 31 at p. 3), claiming "I did not understand that confidential settlements, particularly those received personally or paid through my LLC, needed to my LLC." (*Id.* at ¶8). As Plaintiff's misunderstanding is clearly his own fault, Rule 60(b)(6) does not apply to the present set of facts. Therefore, Plaintiff must demonstrate excusable neglect under Rule 60(b)(1) and, as detailed below, Plaintiff is unable to do so.

### b. *Plaintiff Fails to Articulate Mistake or Excusable Neglect.*

"The determination of whether neglect is excusable is an equitable one that depends primarily on four factors: (1) the danger of prejudice to the opposing party if the moving party is allowed reconsideration; (2) the length of the moving party's delay in seeking resolution of the neglect and the neglect's potential impact on the proceedings; (3) the reason for the neglect; and (4) whether the movant acted in good faith, *i.e.*, whether the neglect was devious or willful." *Sanchez-Valdez v. Arizona*, No. CV 17-01923 PHX CDB, 2019 WL 13252610, at *2 (D. Ariz. July 29, 2019) (*citing Bateman*, 231 F.3d at 1223-25). Prejudice is presumed absent a non-frivolous explanation. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir.1998). Consequently, "the reason for [the neglect]—is the most important [factor] . . . ." *El-Said v. BMW of N. Am., LLC*, No. 8:19-cv-02426-JLS-JDE, 2023 WL 3551959, at *3 (C.D. Cal. Mar. 23, 2023).

Moreover, a mistake of law does not constitute a mistake or excusable neglect. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (citations omitted). "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret . . . ." *Latshaw*, 452 F.3d at 1101 (9th Cir. 2006). Furthermore, a party proceeding *pro se* is held to the same rules that govern other litigants. *See Crowder v. Asuncion*, 2019 WL 12661082, at *3 (C.D. Cal. Aug. 23, 2019) (denying *pro se* plaintiff's Rule 60(b)(1) motion).

Here, Plaintiff argues that he is entitled to relief under Rule 60(b)(1) because he "misunderstood the IFP form's requirements and did not realize that confidential settlements—particularly those routed through a business LLC—had to be specifically listed, especially where the funds were not

deposited personally or were business-related." (ECF No. 31 at p. 3; ECF No. 32 at ¶8). Plaintiff continues that "Plaintiff misunderstood the scope of what constituted income under the IFP form." (ECF No. 31 at p. 4). As articulated above, mistakes of law cannot form the basis of a Rule 60(b)(1) motion. Moreover, this claim is not credible. Question 2 of the IFP application asks broadly "Have you received, within the past twelve months, any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." (ECF No. 2.) Plaintiff checked "no" for all sources. (*Id.*) Plaintiff's claim he did not know what constituted "income" when he was asked if he received "***any money***" is not believable, particularly since Plaintiff has had previous IFP applications rejected because of inconsistencies in the information he submitted. *Cf.* Order on Request to Proceed *In Forma Pauperis*, *Cash v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal. Feb. 5, 2024). (Parseghian Dec. ¶ 6, Ex. C). Plaintiff made (and continues to make) intentional decisions to withhold information from the Court. That is not the kind of "good faith" mistake for which Rule 60(b)(1) offers a remedy.

Further, Plaintiff's Motion does nothing to obviate this Court's determination that he "deliberately concealed his prior settlement income in order to gain access to this Court without the prepayment of filing fees." (ECF No. 29 at p. 3) (*citing Roberts v. Beard*, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019)). Instead, Plaintiff's Motion raises more questions about his conduct. In this regard, the only "new" fact Plaintiff identified in his Motion is that he utilized a limited liability company to receive settlement payments in cases where the company was not a party. Specifically, Plaintiff claims that Artis Ray Cash Jr LLC received two settlement payments in February of 2025. *Cf. Roberts*, 2019 WL 3532183, at *4 (noting that the plaintiff transferred

**MONTEREY FINANCIAL SERVICES, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

settlement money to his sister to conceal it and gain access to the court without prepayment of filing fees). A review of the California Secretary of State's corporation record for Artis Ray Cash Jr LLC shows that Plaintiff created his company on July 10, 2023.[1] Plaintiff, however, failed to identify his company as a source of income in his IFP application. This is yet another deliberate concealment of information in order to gain access to this Court without the prepayment of filing fees.

Rather than address the Court's concerns of deception, Plaintiff's Motion attaches misleading and incomplete exhibits. Even ignoring the lack of evidentiary value, Plaintiff has provided just one page of his 2023 Form 1040 (ECF No. 31 at Ex. B) and fails to include any schedules that would show income from his business. Similarly, Plaintiff's Motion discusses "bank accounts" but attaches a single bank statement from January 2025 (*Id.*, at Ex. A) without any transactional history – drawing into question his claim that he spent settlement proceeds he received from Experian, Midland, and Equifax.

Finally, Plaintiff continues to maintain his poor person status without disclosing the amounts of the settlements he received. While Monterey acknowledges that these settlements may be confidential, there is no excuse for Plaintiff's failure to seek Court approval to file these agreements under seal or otherwise protect their contents.

Simply put, Plaintiff's Motion merely confirms what this Court has already determined: that Plaintiff has deliberately concealed information from this Court in an effort to game the system. His actions constitute bad faith – not mistake or neglect – and the Court should deny Plaintiff's Motion.

### c. Plaintiff's Motion Violates Local Rule 7-18.

Plaintiff's Motion also should be denied for failing to abide by the requirements of Local Rule 7-18. *See TP Link USA Corp. v. Careful Shopper*

---

[1] https://bizfileonline.sos.ca.gov/search/business

*LLC*, 2020 WL 4353678, at *3 (C.D. Cal. June 30, 2020) (holding Rule 60(b) motion "fails at the outset" because it did not comply with Local Rule 7-18). As set forth above, this Court's Local Rules specify limited instances where the Court may reconsider its prior decision. None of those instances are present here.

First, Plaintiff fails to identify a "material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration." L.R. 7-18. Here, Plaintiff offers the exact same arguments that this Court rejected. Every single argument in the Motion is based on facts that were known to Plaintiff at the time he opposed Monterey's Motion to Dismiss.

Second, Plaintiff fails to specific the "emergence of new material facts or a change of law occurring after the Order was entered." *Id.* Instead, Plaintiff points to facts that he knew at the time the Order was entered and when he opposed Monterey's Motion to Dismiss.

Third, Plaintiff does not identify any material facts not considered by the Court. In fact, while continuing to maintain his poor person status, he continues to withhold key facts, including the amount of the settlements he admits to having received.

## CONCLUSION

For the foregoing reasons, Defendant Monterey Financial Services, LLC respectfully requests that Plaintiff's Motion be denied.

DATED: May 16, 2025

**LIPPES MATHIAS LLP**

*s/ Berj K. Parseghian*
Berj K. Parseghian
*Attorneys for Defendant Monterey Financial Services, LLC*

**CERTIFICATE OF SERVICE**

I, Berj K. Parseghian, declare as follows:

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is 420 Lexington Avenue, Suite 2005, New York, New York 10170.

On May 16, 2025, I served the within OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B) by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

>Artis-Ray: Cash, Jr.
>453 South Spring Street
>Suite 400 PMB 1211
>Los Angeles, CA 90013

and depositing the envelope in the United States mail at New York, New York with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2025 at New York, New York.

>*/s/  Berj K. Parseghian*
>Berj K. Parseghian