Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

```
FILED
CLERK, U.S. DISTRICT COURT
05/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY    EC    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., <br><br>Plaintiff, <br><br>vs. <br><br>EXPERIAN INFORMATION SOLUTIONS, INC., <br>MONTEREY FINANCIAL SERVICES, LLC, <br><br>Defendants. | CASE NO.: 8:25-cv-00165-JWH-ADS <br><br>**PLAINTIFF'S REPLY TO MONTEREY FINANCIAL'S OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)** <br><br>**Hearing:** June 6, 2025 <br><br>**Courtroom 9D** |

## I. INTRODUCTION

Monterey's opposition mischaracterizes Plaintiff's conduct and misapplies Rule 60(b). Plaintiff respectfully submits that this Court should vacate its prior dismissal and reinstate this case based on **excusable neglect, good faith misunderstanding**, and circumstances consistent with Rule 60(b)(1) and (6).

## II. PLAINTIFF ACTED IN GOOD FAITH AND SHOULD BE VIEWED THROUGH THE LENS OF THE LEAST SOPHISTICATED CONSUMER

Plaintiff is not an attorney. He is a pro se litigant with limited legal training navigating complex federal procedures. Courts evaluating claims under the FDCPA and FCRA often do so using the

1

PLAINTIFF'S REPLY TO MONTEREY FINANCIAL'S OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)

**"least sophisticated consumer"** standard — a reminder that these laws, and the justice system at large, are meant to be accessible and fair to **ordinary people**, including those unfamiliar with nuanced legal interpretations.

Plaintiff's understanding of income and disclosure was shaped by that lens. He reasonably believed that:

- Settlements paid to his LLC were **business income**, not personal;

- Funds received **after** the IFP filing were not relevant to the snapshot of current resources;

- Tax returns and bank records were **sufficient disclosure** of financial status.

That belief was not "gaming the system" — it was **a mistake made by someone the law is meant to protect**, not punish.

### III. THE COURT HAS DISCRETION UNDER RULE 60(b)(1) TO EXCUSE MISUNDERSTANDINGS

Monterey relies heavily on legal formalism to argue that Plaintiff's misunderstanding of the IFP form amounts to bad faith. But Rule 60(b)(1) exists precisely to **provide relief from mistakes and misunderstandings**, especially where there is **no showing of prejudice, delay, or willful misconduct.**

- Plaintiff did not delay in seeking relief;

- Plaintiff disclosed supporting facts and documentation, including tax returns and bank records;

- No prejudice has been claimed or shown by Defendants — only retrospective accusations.

2

## IV. RULE 60(b)(6) APPLIES WHERE A FINAL ORDER WOULD WORK INJUSTICE

Even if Rule 60(b)(1) were deemed insufficient, **Rule 60(b)(6)** allows for relief where **extraordinary circumstances or clear injustice** exist. Permanent dismissal of this case — based on a **non-willful misunderstanding** and **without opportunity to pay the filing fee or clarify the record** — would do just that.

Monterey analogizes Plaintiff to cases of actual fraud or deception (like Roberts or Vann), but there's no such conduct here. Plaintiff did not launder money, create false documents, or mislead the Court. He misunderstood a form. He has clarified it. That should not be grounds for final judgment.

## V. PLAINTIFF IS NOT A VEXATIOUS LITIGANT AND HAS FILED MERITORIOUS CLAIMS

Monterey continues to describe Plaintiff as a "serial filer" while ignoring that:

- Several past cases were **filed by attorneys**;
- Multiple cases have resulted in **confidential settlements**;
- **No Court has declared Plaintiff vexatious or abusive**.

Plaintiff has never ignored Court orders, and where IFP has been denied (as in *Cash v. Caesars*), Plaintiff respected that ruling and did not refile.

## VI. PLAINTIFF IS STILL WILLING TO SATISFY THE FILING FEE IF REQUIRED

Though funds are currently limited, Plaintiff has made clear that he is not opposed to paying the full filing fee if the Court so orders. This further undercuts the argument that he sought to avoid financial obligation in bad faith.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Grant** relief under Rule 60(b)(1) or 60(b)(6);
2. **Vacate** its prior Order and Judgment;
3. **Reinstate** this case so it may proceed on the merits.

Respectfully submitted,

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff

Dated: May 23, 2025

**PROOF OF SERVICE**

I, Artis-Ray Cash, Jr., declare as follows:

I am the Plaintiff in this action, representing myself pro se. On **May 23, 2025**, I served the following documents:

- **PLAINTIFF'S REPLY TO MONTEREY FINANCIAL'S OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)**

on the following counsel of record via email, pursuant to agreement or standard practice of service under the Federal Rules of Civil Procedure:

**Counsel for Defendant Experian Information Solutions, Inc.**

JoeAl Akobian

Jones Day

Email: **jakobian@jonesday.com**

**Counsel for Defendant Monterey Financial Services, LLC**

Berj K. Parseghian

Lippes Mathias LLP

Email: **bparseghian@lippes.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 23, 2025

Los Angeles, California

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff