1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH JR., | Case No. 8:25-cv-00165-JWH-ADSx |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [ECF No. 31]** |
| EXPERIAN INFORMATION SOLUTIONS, INC., and MONTEREY FINANCIAL SERVICES, LLC, | |
| Defendants. | |

Before the Court is the motion of Plaintiff Artis-Ray Cash, Jr. for relief from the Judgment in this action.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** Cash's Motion.

## I.  BACKGROUND

Cash commenced this action against Defendants Experian Information Solutions, Inc. and Monterey Financial Services, LLC in January 2025.[3]  Cash asserts two claims for relief against Defendants:  (1) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); and (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*[4]

Cash, who appears *pro se*, also filed an application to proceed *in forma pauperis*, as well as a sworn statement regarding his available income.[5]  Based upon the information that Cash provided, the Court granted his IFP Application.[6]  In April 2025, Monterey moved to dismiss Cash's claims because Cash failed to disclose settlement income that Cash—who is a serial litigant— earned through prior FCRA cases.[7]  Cash did not dispute that he earned income

---

[1]      *See* Pl.'s Mot. for Relief from J. (the "Motion") [ECF No. 31].

[2]      The Court considered the documents of record in this action, including the following papers:  (1) Motion; (2) Decl. of Artis-Ray Cash Jr. in Supp. of the Motion [ECF No. 32]; (3) Def.'s Memo. in Opp'n to the Motion [ECF No. 33]; and (4) Pl.'s Reply in Supp. of the Motion [ECF No. 35].

[3]      *See* Complaint [ECF No. 1].

[4]      *See generally id.*

[5]      *See* Pl.'s Request to Proceed *in Forma Pauperis* (the "IFP Application") [ECF No. 2].

[6]      *See* Order on the IFP Application [ECF No. 7].

[7]      *See* Defs.' Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 22].

1  through prior settlements nor that he omitted that information from his IFP
2  Application.[8]  Cash also did not dispute that he has omitted that information
3  from other applications that he has filed in this judicial district.[9]  Accordingly, in
4  May 2025, the Court dismissed this action without leave to amend pursuant to
5  28 U.S.C. § 1912(e)(2)(A), which requires a court to dismiss a case in which a
6  request to proceed *in forma pauperis* was granted "if the court determines that
7  . . . the allegation of poverty is untrue."[10]

8      Later that month, Cash filed the instant Motion.[11]

9                    **II.  LEGAL STANDARD**

10      A district court may reconsider a ruling under Rule 54(b) of the Federal
11  Rules of Civil Procedure (interlocutory orders), Rule 59(e) (motion to alter or
12  amend a judgment), or Rule 60(b) (relief from judgment).  *See School Dist.*
13  *No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.
14  1993); *Balla v. Idaho State Bd. of Corrections*, 869 F.3d 461, 465 (9th Cir. 1989).
15  Under Rule 59(e), reconsideration may be appropriate when the movant
16  demonstrates the existence of:  (1) an intervening change in the controlling law;
17  (2) new evidence not previously available; or (3) a need to correct a clear error of
18  law or to prevent manifest injustice.  *See School Dist. No. 1J*, 5 F.3d at 1263.
19  Meanwhile, Rule 60(b) provides for reconsideration only upon a showing of:
20  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
21  evidence which by due diligence could not have been discovered before the
22  court's decision; (3) fraud by the adverse party; (4) a void judgment;

---

24  [8]    *See* Pl.'s Opp'n to Motion to Dismiss [ECF No. 24].
25  [9]    *See id.*; *see also* Decl. of Berj K. Paseghian in Supp. of the Motion [ECF
26  No. 23] (listing cases).
27  [10]   *See* Order Granting Def.'s Mot. to Dismiss (the "<u>Order</u>") [ECF No. 29].
28  [11]   *See* Motion.

(5) satisfaction of judgment; or (6) any other reason justifying relief. *See*
Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263. Rule 60(b)(6) requires
a showing that the grounds justifying relief are extraordinary; mere
dissatisfaction with the court's order or belief that the court is wrong in its prior
decision are not adequate grounds for relief. *See Twentieth Century-Fox Film
Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party
may seek the reconsideration of an order:

> A motion for reconsideration of an Order on any motion or
> application may be made only on the grounds of (a) a material
> difference in fact or law from that presented to the Court that, in the
> exercise of reasonable diligence, could not have been known to the
> party moving for reconsideration at the time the Order was entered,
> or (b) the emergence of new material facts or a change of law
> occurring after the Order was entered, or (c) a manifest showing of a
> failure to consider material facts presented to the Court before the
> Order was entered.

L.R. 7-18. A motion for reconsideration "may not be used to raise arguments or
present evidence for the first time when they could reasonably have been raised
earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877,
890 (9th Cir. 2000).

### III.  ANALYSIS

Cash argues that the Court should grant him relief from the Judgment in
this case because he did not intentionally omit information from his IFP
Application.[12] Specifically, Cash contends that he filters the settlement income
he receives as result of filing FCRA actions through his business, Artis Ray Cash

---

[12]     *See generally id.*

-4-

1    Jr LLC, and Cash did not know that he was required to disclose business

2    income.[13]

3        The Court is unpersuaded.  The IFP Application lists "[b]usiness,

4    profession or form of unemployment" as a type of income that must be

5    disclosed.[14]  Cash checked a box to indicate that he did not receive such

6    income—and he now admits that his representation was untrue.[15]  Moreover,

7    the Court remains concerned that Cash has omitted information regarding his

8    income in other cases that he has filed in this judicial district.  *See, e.g.*, *Cash v.*

9    *Caesars Entertainment, Inc.*, Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal.)

10   [ECF No. 10] (admitting, after being ordered to provide additional information,

11   that he failed to disclose information regarding unemployment income).

12   Additionally, in some of those cases, Cash has provided information regarding

13   his income that is inconsistent with the information that Cash provided on his

14   IFP Application in this case.  *See, e.g.*, *Cash v. Credit Control, LLC*, Case

15   No. 2:24-cv-08447-AH-E (C.D. Cal.) [ECF No. 3] (listing Cash's last-filed tax

16   return as having been filed in 2024 and wages per month of $2,150).  And, in any

17   event, Cash does not dispute that he failed to disclose information regarding his

18   income from settlements and that, as such, this action may not proceed.  *See* 28

19   U.S.C. § 1912(e)(2)(A).

20       Accordingly, Cash's Motion is **DENIED**.

21                          **IV.  DISPOSITION**

22       For the foregoing reasons, the Court hereby **ORDERS** as follows:

23       1.    Cash's instant Motion [ECF No. 31] is **DENIED**.

24       2.    The hearing on Cash's Motion [ECF No. 37] is **VACATED**.

25

26   [13]    *See id.*

27   [14]    *See* IFP Application.

28   [15]    *See id.*

3.    Cash's request to appear remotely [ECF No. 38] is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated:_____July 7, 2025_____

John W. Holcomb
UNITED STATES DISTRICT JUDGE